IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ROSENDO MARTINEZ, JR.                                                                                                                                       PLAINTIFF
#33908

V.                                  NO: 2:08CV00183 JLH/HDY

HARRY LAPPIN *et al.*                                                                                       DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a former inmate at the Federal Correctional Institution in Forrest City ("FCIFC") filed this complaint (docket entry #2), along with an addendum (docket entry #3), on October 10, 2008, and an amended complaint on January 8, 2009 (docket entry #22). On March 5, 2009, United States District Judge J. Leon Holmes dismissed Plaintiff's claims against all Defendants except for those against T.C. Outlaw, Barron, Kaye, Bess, Mata, Matos, Phillips, Weeks, and Does, all of whom are at FCIFC (docket entry #28).

On September 14, 2009, the undersigned recommended dismissal of all of Plaintiff's remaining claims, except Plaintiff's claims of inadequate medical care (docket entry #57). Plaintiff's response to that recommendation was due October 28, 2009 (docket entry #60). The remaining Defendants have now filed a motion for summary judgment, a brief in support, and a statement of facts, seeking dismissal of Plaintiff's claim of inadequate medical care (docket entries #62-#64). Plaintiff filed a response to the motion for summary judgment on October 28, 2009 (docket entry

#72).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he is a former member of the "Texas Syndicate," a prison gang. Plaintiff contends that, despite his dropping out of the gang, his prison file contains incorrect information, which has led to him being classified incorrectly, and held in special housing with reduced privileges. As a former gang member, Plaintiff was apparently held for his own protection in the special housing unit ("SHU") at two Texas prisons and at FCIFC on "holdover status." Plaintiff spent approximately two years in this status, of which approximately eight months was spent at FCIFC. Plaintiff now resides at a North Dakota state facility, for, he says, his personal safety (docket entry #22). Plaintiff claims that, at FCIFC, he was denied appropriate medical care

for his hemorrhoids and hepatitis C.

Defendants assert that Plaintiff's complaint should be dismissed, because he failed to exhaust his administrative remedies with respect to his allegations that he received inadequate medical care, which is the only claim at issue at this time.

Lack of exhaustion is an affirmative defense, which must be proved by defendants. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their contention that Plaintiff has failed to exhaust his administrative remedies with respect to claims of inadequate medical care, Defendants have attached a declaration from James D. Crook, an attorney with the United States Department of Justice, Federal Bureau of Prisons, in which Crook states that he searched prison records, and found that Plaintiff only exhausted one administrative remedy, which related to a request for reclassification (docket entry #63, exhibit A). Crook further states that there is no indication that Plaintiff ever attempted to file or exhaust any administrative remedy regarding medical care. The lone exhausted administrative remedy, number 491218, is attached to Crook's declaration.

If an informal attempt at resolution of a problem fails, there are three levels to the administrative remedy process in the Bureau of Prisons. Once an administrative remedy is initiated, it is assigned a number. When the remedy is received, the number is assigned a suffix–at the institutional level ("F1"), the regional level ("R-1") and the office of general counsel ("A-1"). Plaintiff's initial description of the problem does not mention any issues with medical care, and is

clearly an allegation that false information is keeping him in the SHU, though he requested no specific relief (docket entry #63, exhibit A, page #9). Likewise, Plaintiff's appeal to the regional level mentions nothing about medical care (docket entry #63, exhibit A, page #12). In Plaintiff's final appeal, he requests release to the general population, and, among other things, makes a vague reference to getting medical attention he had been "semi heard on" since he was in the SHU (docket entry #63, exhibit A, page #22). Even that does not mention any Defendant or identify specific conditions which are not being treated. In his response to Defendants' motion, Plaintiff concedes that the classification issue was "the main Complaint," but asserts that "the scope of things changed." However, Plaintiff has failed to offer any evidence to suggest he has exhausted his administrative remedies with respect to his complaints regarding medical care, and the vague reference first raised in his final appeal in the administrative process does not suffice. Accordingly, Defendants' motion should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #62) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  30   day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE